UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

ROBERTO FLORIAN GONZALEZ, and
others similarly-situated,

     Plaintiff,

vs.

A.B. & K. PLUMBING CORP., a Florida
Corporation, and JESUS MESA,
individually,

     Defendants.

_____/

# **COMPLAINT**

COMES NOW Plaintiff, ROBERTO FLORIAN GONZALEZ, by and through his undersigned attorney, and hereby sues Defendants, A.B. & K. PLUMBING CORP., and JESUS MESA, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1.    This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2.    The Plaintiff ROBERTO FLORIAN GONZALEZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3.    The corporate Defendants is a plumbing company which regularly transacted business within Miami-Dade County, Florida, including the work performed by the Plaintiff while he was employed by the Defendants.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

6. AB&K is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, AB&K operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. AB&K purchased plumbing tools, equipment and material, which travelled in interstate commerce. Two or more employees of AB&K used the aforementioned goods, materials and equipment.

7. Upon information and belief, the annual gross income for the Defendant AB&K during the year 2016 was in excess of $500,000.00, annually. Upon information and belief, the annual gross income for the Defendant AB&K during the year 2017 is expected to exceed $500,000.00. Upon information and belief, the annual gross income for the Defendant AB&K during the first half of 2017 was in excess of $250,000.00.

8. By reason of the foregoing, AB&K is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiffs are within interstate commerce.

9. The individual Defendant, MESA, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff

and opt-in plaintiffs. Defendant MESA controlled the purse strings for the corporate Defendant. Defendant MESA hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA

## COUNT I: UNPAID OVERTIME WAGES

10. Plaintiffs re-allege and re-aver paragraphs 1 through 9 as fully set forth herein.

11. The corporate Defendant is a plumbing company. Plaintiff was employed by the Defendant as a plumber.

12. Plaintiff GONZALEZ was employed for the Defendants during the period of approximately September 23, 2016 through June 19, 2017. Plaintiff was paid $10 per hour from approximately September 2016 through May 2017, and was increase, thereafter, to $11.00 per hour. Plaintiff worked approximately 55-66 hours per week but was not paid overtime wages when he worked more than 40 hours per week.

13. The similarly situated individuals are those individuals whom were employed by the Defendant as plumbers and whom were not paid overtime wages, in whole or in part.

14. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay his at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

15. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act.

Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants having knowledge of Plaintiff's hours and Defendants' failure to pay overtime wages, Defendants did not alter their pay practices to pay overtime wages. Defendants continued their wage practices despite such knowledge.

16. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: June 28, 2017

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013


Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 350A
Miami, Florida 33161
Telephone 305-773-6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561